06-1149-pr
Nagy v. Dwyer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2007

(Submitted September 19, 2007      Decided October 29, 2007)

Docket No. 06-1149-pr

------------------------------------

PAUL NAGY,

Plaintiff-Appellant,

v.

GERALD P. DWYER, Attorney for Panel,

Defendant-Appellee.
------------------------------------

B e f o r e: MESKILL, MINER and CABRANES, Circuit Judges.

This is an appeal from a judgment of the United States District Court for the District of Connecticut, Kravitz, J., dismissing the complaint pursuant to Federal Rule of Civil Procedure 4(m). We vacate the judgment and remand this action to the district court for further proceedings.

Paul Nagy,
for Appellant Pro Se.

Per Curiam:

This is an appeal from a judgment of the United States District Court for the District of Connecticut, Kravitz, J. The issue presented is whether the district court must order the United States Marshal Service (Marshals) to serve a summons and complaint on behalf of a plaintiff proceeding in forma pauperis where the plaintiff has not requested such service. We conclude that absent a request from the plaintiff, the district court need not order the Marshals to serve the defendant. Nevertheless, for the reasons stated below, we vacate the judgment and remand this action to the district court.

**I.**

On June 21, 2005, plaintiff-appellant Paul Nagy, incarcerated and pro se, filed a complaint in the district court against defendant-appellee Gerald Dwyer.[1] With his complaint, Nagy filed a motion to proceed in forma pauperis which the district court granted on July 27, 2005. Attached to the court's order granting the motion was a notice from the Clerk. The notice indicated that if the court ordered that the complaint be served, Nagy would receive the forms necessary to request service

---

[1] Nagy contends that defendant-appellee Gerald P. Dwyer is counsel for the Connecticut Statewide Grievance Committee in East Hartford, Connecticut. Nagy had previously filed a grievance with the Committee against one of his former attorneys. Nagy claims that he named Dwyer as the defendant in this suit because he was directed by the Committee to address all matters related to his grievance to Dwyer.

-2-

by the Marshals.

Nagy also filed with his complaint a motion for the appointment of a "Special Investigator" and a motion for an "Expedited Ruling." On October 14, 2005, in an order denying these latter two motions, the district court noted that it had been unable to determine from the record whether the defendant had been served. The district court warned that absent proof of service of the summons and complaint, the court could dismiss the action 120 days after the filing of the complaint pursuant to Federal Rule of Civil Procedure 4(m).[2] The district court then ordered Nagy to file proof of service on or before November 1, 2005 and "cautioned that a failure to comply with this order will result in dismissal of his . . . suit." Nagy asserts on appeal that he never received this order nor the requisite forms to request service by the Marshals. The record on appeal is incomplete and does not divulge whether the order or forms were sent to Nagy.

---

[2] Rule 4(m) provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

-3-

On January 30, 2006, after Nagy failed to file proof of service, the district court dismissed the action sua sponte. The order of dismissal did not indicate whether the action was dismissed with or without prejudice. On February 8, 2006, the Clerk entered judgment, and on March 6, 2006, Nagy filed a timely notice of appeal.

**II.**

We review for abuse of discretion a district court's dismissal of an action for failure to timely serve the defendant. Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002). The district court necessarily abuses its discretion when its decision rests on an error of law. See Zervos v. Verizon New York, 252 F.3d 163, 168-69 (2d Cir. 2001) (noting that an "error of law" constitutes an "abuse of discretion").

Nagy argues that the district court erred in dismissing this action because plaintiffs proceeding in forma pauperis are "automatically" entitled to service of the summons and complaint by the Marshals.

We disagree. Federal Rule of Civil Procedure 4 provides in pertinent part that "[a]t the request of the plaintiff . . . the court may direct that service be effected by a United States marshal . . . . Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis." Fed. R. Civ. P. 4(c)(2). Absent a request from the plaintiff,

-4-

nothing in the text of Rule 4 requires the district court to appoint the Marshals to effect service after granting pauperis status to the plaintiff.

Moreover, the interests of judicial economy counsel against the district court automatically ordering service by the Marshals. In civil actions involving prisoners, such as this case, automatic service would undermine much of the benefit derived from the district court's statutory obligation to review and dismiss with prejudice frivolous complaints "as soon as practicable after docketing." 28 U.S.C. § 1915A(a)-(b)(1); see Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007) (discussing section 1915A review). Further, automatic service by the Marshals would prove impractical where a plaintiff fails to provide sufficient information to identify or locate a defendant. See Moore v. Jackson, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (identifying the necessity of plaintiffs' providing sufficient information to the Marshals).

It is true that we have recognized that "[a] party allowed to proceed in forma pauperis is entitled to service by the U.S. Marshal." Romandette v. Weetabix Co., 807 F.2d 309, 310 n.1 (2d Cir. 1986) (construing an earlier version of Rule 4 which required plaintiff proceeding in forma pauperis to request service by the Marshals). An entitlement to service by the Marshals, however, does not require automatic service. Indeed,

while we concluded in <u>Romandette</u> that a failure by the Marshals to properly serve a defendant constituted good cause to extend the period of time in which service was due, in so holding we relied on the specific circumstances of that case, namely, that the plaintiff, incarcerated and <u>pro</u> <u>se</u>, "indicated to the court his reliance on service by the Marshals and . . . timely requested that the Marshals effect personal service." <u>Id</u>. at 311.

In light of these considerations, we conclude that the district court may require plaintiffs proceeding <u>in</u> <u>forma</u> <u>pauperis</u> to affirmatively request that the court appoint the Marshals to serve the summons and complaint on the defendant. Accordingly, where, as here, the plaintiff made no such request, it is not error for the district court to wait to order the Marshals to serve the defendant until such a request has been made.

Nevertheless, Rule 4(m) requires that the district court provide notice to a plaintiff before dismissing an action <u>sua</u> <u>sponte</u> for failure to timely serve the defendant. Fed. R. Civ. P. 4(m). We previously have concluded that a failure to provide notice pursuant to Rule 4(m) can constitute an abuse of discretion or error of law where the absence of notice forestalled a plaintiff from making a colorable argument that there was good cause to extend the 120-day period in which

service was due.  See Thompson, 309 F.3d at 110 (vacating dismissal pursuant to Rule 4(m) where the plaintiff allegedly received neither the requisite forms to request service by the Marshals nor notice of impending dismissal by the district court).

In the instant case, had Nagy received notice, which he contends he did not, he could have argued to the district court that there was good cause to extend the 120-day period in light of his assertion that he did not receive the necessary forms to request service by the Marshals.  See id.  Because we do not know whether, in fact, Nagy received notice and whether the district court properly provided notice pursuant to Rule 4(m), we cannot determine whether the district court's dismissal was proper. Therefore, in an abundance of caution, we vacate the district court's judgment and remand this action to permit the district court to make such findings as may be necessary to determine whether there is good cause to grant an extension of time in which to serve the defendant.  While we leave it to the district court to make that determination in the first instance, we note that questions material to this inquiry might include whether Nagy received notice in accordance with Rule 4(m) and whether he received the necessary forms to request service by the Marshals. We further note that if the district court dismisses the complaint anew after concluding that there is not good cause to

grant an extension of time, such a dismissal should be without prejudice. See Fed. R. Civ. P. 4(m).

**III.**

For the foregoing reasons, the judgment of the district court dismissing the plaintiff's complaint is hereby vacated and the action is remanded with instructions to conduct further proceedings consistent with this opinion.