SUMMARY ORDER
Anthony Spinale and G & T Terminal Packaging Co., Inc. appeal the dismissal of their claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18.U.S.C. § 1961 et seq. Appellants challenge both the district court’s October 3, 2005 dismissal of their claim against William Cashin and its November 19, 2007, 2007 WL 4115903, grant of summary judgment in favor of David L. Ball, Paul I. Cutler, Glenn A. Jones, Elias Malavet, Michael Strusiak, Michael Tsamis, Thomas C. Vincent, and Edmund R. Esposito (“pro se appellees”). We assume the parties’ familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.
1. William Cashin
We review for abuse of discretion the dismissal of appellants’ claims against Cashin based on their failure to serve him with process within 120 days of filing their complaint. 2 See Fed.R.Civ.P. 4(m); Nagy v. Dwyer, 507 F.3d 161, 163 (2d Cir.2007). Far from demonstrating good cause for the delay, appellants have failed even to show that they exercised due diligence in locating Cashin. Rather, their failure to take basic measures, e.g., serving the government with an interrogatory requesting Cashin’s address, evidences negligence. Nor have appellants offered any evidence substantiating their claim that the government obstructed their efforts. Indeed, they acknowledge that they ultimately located Cashin by searching a public internet database. See McGregor v. United States, 933 F.2d 156, 160 (2d Cir.1991). Thus we detect no abuse of discretion in the district court’s refusal to overlook appellants’ fourteen-month delay in effecting service, either for cause or as a matter of discretion. See Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir.2007) (holding dismissal was not abuse of discretion where no good cause existed for delay of service until four days after 120-day period had expired).
We likewise review for abuse of discretion the district court’s refusal to disquali *601 fy government counsel from representing Cashin. See United States v. Locascio, 6 F.3d 924, 931 (2d Cir.1993). The Attorney General may send “any officer of the Department of Justice ... to attend to the interests of the United States in a suit pending in a court of the United States.” 28 U.S.C. § 517. Appellants claim it was “inconceivable” that it was in the government’s interests to represent Cashin as to alleged racketeering acts committed before March 23, 1999, when he began cooperating with the government. Appellants’ Br. at 36. However, the complaint charges Cashin with racketeering acts occurring only after that date. As to those acts, even appellants appear to concede the government’s interest in representing Cashin. That interest would have been sufficient to support the government’s participation even if appellants had been permitted to amend their complaint to add alleged racketeering acts occurring dux-ing the twelve days before Cashin began cooperating.[1] Thus we detect no abuse of discretion in the district court’s determination that representing Cashin was within the government’s own “broad discretion.” Hall v. Clinton, 285 F.3d 74, 80 (D.C.Cir.2002).
2. Pro Se Appellees
Appellants also challenge the district court’s sua sponte grant of summary judgment in favor of the pro se appellees. Summary judgment is proper only if “there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law.” Fed. R.Civ.P. 56(c). We review a summary judgment award de novo, “examining the facts in the light most favorable to the non-moving party and resolving all factual ambiguities in that party’s favor.” Pyke v. Cuomo, 567 F.3d 74, 76 (2d Cir.2009). We will reverse a sua sponte grant of summary judgment if the district court failed to give prior notice and the losing party was procedurally prejudiced, ie., “if it [wa]s surprised by the district court’s action and that surprise result[ed] in [its] failure to present evidence in support of its position.” Bridgeway Corp. v. Citibank, 201 F.3d 134, 139 (2d Cir.2000). In contrast, if “the party either cannot claim to have been surprised by the distxict court’s action or if, notwithstanding its surprise, the party had no additional evidence to bring, it cannot plausibly argue that it was prejudiced by the lack of notice.” Id. at 140.
Here, appellants expressly conceded during a pretrial conference that they lacked any evidence showing that appellees’ actions were the proximate cause of damages they suffered, a necessary element of a civil RICO claim. See 18 U.S.C. § 1964(c); Bank of China v. NBM LLC, 359 F.3d 171, 176 (2d Cir.2004). Appellants now claim they were surprised by the dismissal and fault as unfair the district court’s requirement that they present additional evidence within one day. As the district court pointed out, however, appellants should have been aware that a computation of damages would be required. See Fed.R.Civ.P. 26(a)(l)(A)(iii). Moreover, even on appeal, appellants do not claim to possess evidence of causation, but concede that it is “impossible ... to show specific losses on any specific shipment.” Appellant’s Br. at 21. Thus, whether the district court permitted appellants one day or one year made no difference. While *602 appellants may indeed have been surprised by the grant of summary judgment, they were not prejudiced, because they were— and are — admittedly unable to adduce evidence compelling any other outcome. See Bridgeway Corp. v. Citibank, 201 F.3d at 140.
We have considered appellants’ other arguments, and they are without merit. Accordingly, the judgment of the district court is AFFIRMED.[2]

. Because we conclude that appellants' claims against Cashin were properly dismissed based on failure of timely service, we need not reach appellants’ contention that they should have been permitted to amend their complaint to include additional racketeering acts committed by Cashin. In any event, the proposed amendment would not have affected our conclusions about the dismissal or (as noted above) about Cashin’s representation by the government.

. Because we affirm the district court’s judgment of dismissal, the motion for dismissal filed in this appeal by pro se appellee Michael Tsamis is denied as moot.