08-4908-cv
Banco Central De Par v. Paraguay Humanitarian


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> RICHARD J. SULLIVAN,
> > *District Judge.*[*]

_____

DEF,

> *Defendant*,

RONALD L. WOLFSON, JORGE GALLO QUINTERO,

> *Defendants-Appellants*,

PARAGUAY HUMANITARIAN FOUNDATION, INC., formerly known as CQZ HUMANITARIAN FOUNDATION, INC., CQZ HOLDING CORP., AVIJOS, INC., and JOSE M. AVILA,

> *Defendants-Counterclaimants-Third Party Plaintiffs-Appellants*,

---

[*] The Honorable Richard J. Sullivan, United States District Judge for the Southern District of New York, sitting by designation.

ABC,

   *Plaintiff*,

BANCO CENTRAL DEL PARAGUAY, on behalf and as assignee of BANCO UNION
S.A.E.C.A. in liquidation and BANCO ORIENTAL S.A.I.F.E.C.A. in liquidation,

   *Plaintiffs-Counter-Defendants-Third Party Defendants-Appellees*,

JOHN W. TULAC,

   *Nominal Defendant*,

CITIBANK, N.A.,

   *Garnishee.*

_____

| | |
|---|---|
| For Defendants-Appellants and Defendants-Couter claimants-Third Party Plaintiffs-Appellants: | STEPHANIE F. BRADLEY (Clifford Y. Chen, Adam Francois Watkins, *on the brief*), Watkins, Bradley & Chen LLP, New York, NY; H. Dale Cubitt, Cubitt & Cubitt, Bad Axe, MI |
| For Plaintiffs-Counter-Defendants-Third Party Defendants-Appellees: | DANIEL H. WEINER (Nicolas Swerdloff, *on the brief*), Hughes Hubbard & Reed LLP, New York, NY |
| For Nominal Defendant: | H. DALE CUBITT, Cubitt & Cubitt, Bad Axe, MI |

   Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

   **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

   This case arises out of the transfer of sixteen million dollars from two Paraguayan banks in liquidation to bank accounts in the United States.  Plaintiff Banco Central Del Paraguay

("Banco Central") brings an action for conversion as assignee of Banco Union and Banco Oriental, the two Paraguayan banks in liquidation. The district court granted summary judgment in favor of Banco Central on its conversion claim and dismissed defendants' counterclaims and third party complaint. Defendants Ronald L. Wolfson, Jorge Ralph Gallo Quintero, Paraguayan Humanitarian Foundation, CQZ Holding Corp., Avijos, Inc., and Jose M. Avila now appeal. We assume the parties' familiarity with the facts and procedural history of the case.

Defendants challenge Banco Central's standing to bring this action. Defendants argue that the assignments through which Banco Union and Banco Oriental assigned their claim are invalid under Paraguayan law. Therefore, according to defendants, Banco Central does not have a legal interest in the claim and does not have standing to bring suit. *See W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) ("[T]he minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim."). Defendants point to the declaration of Alfredo Enrique Kronawetter, a Paraguayan lawyer, for the proposition that the assignments are invalid. The district court did not consider the Kronawetter declaration because it was submitted four months after the close of briefing.

We have reviewed the Kronawetter declaration and conclude that it is insufficient to raise a genuine issue of material fact in dispute that would preclude summary judgment. As evidence of the assignments, Banco Central submitted the actual assignments, Joint Appendix ("JA") at 265-68, as well as subsequent ratifications of the assignments by the liquidators and declarations of the liquidators expressing support for the lawsuit. JA 385-87, 435-51, 453-54. The Kronawetter declaration states that the assignments "do not combine the necessary formalities and conditions so that such means are effective, for not having had it carried out under the decree

of article 389 of the Paraguayan Civil Code." JA 676. This statement is entirely conclusory and defendants do not even provide the Court with a copy of article 389 or any explanation of why the assignments do not comply with Paraguayan legal formalities. Defendants therefore fail to raise a genuine issue of material fact in dispute precluding summary judgment.

Defendants argue that the district court erred when it granted summary judgment on Banco Central's conversion claim because a conversion claim may not be predicated on a mere breach of contract. But Banco Central's claim is not predicated on a mere breach of contract. Instead, it "spring[s] from circumstances extraneous to, and not constituting elements of, the [alleged] contract . . . ." *See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389 (1987); *see also In re September 11 Litig.*, 640 F. Supp. 2d 323, 338 (S.D.N.Y. 2009) ("[C]ontract and tort claims for relief may coexist in limited circumstances . . . when a defendant's tortious conduct is separate and apart from its failure to fulfill its contractual obligations.") (internal quotation marks and alterations omitted). Here, Banco Central's claim is not predicated on the alleged contract. Banco Central does not ask for the "profits of the investment," nor does it ask for the return of its money because the investment plan was not carried out. JA 206. Instead, Banco Central demands the return of the sixteen million dollars because the money was unlawfully transferred out of Paraguay.

Defendants further contend that the district court erred when it dismissed defendants' counterclaims and third party complaint. Defendants brought counterclaims against Banco Central for interference with a contract and against the banks-in-liquidation for breach of contract. The district court correctly dismissed these claims pursuant to the "opposing party" requirement of Federal Rule of Civil Procedure 13. Banco Central is not an "opposing party"

because the interference with a contract claim is brought against Banco Central in its regulatory capacity and not in its capacity as assignee of the two banks-in-liquidation. *See Banco Nacional de Cuba v. Chase Manhattan Bank*, 658 F.2d 875, 885 (2d Cir. 1981) (holding that generally, under the "opposing party" requirement, "when a plaintiff has brought suit in one capacity, the defendant may not counterclaim against [the plaintiff] in another capacity"). The banks-in-liquidation, which are not named parties, are not "opposing part[ies]" because they have assigned their claims and so they are not the real parties in interest in the litigation nor the parties controlling the litigation. *See Banco Nacional de Cuba v. First Nat'l City Bank of N.Y.*, 478 F.2d 191, 193 (2d Cir. 1973) (concluding that a counterclaim could be brought against the Republic of Cuba, though unnamed, because the Republic of Cuba and Banco Nacional de Cuba, the plaintiff, acted as a single entity); *see also Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002) (concluding that an assignee was an "opposing party," stating that "[i]t is significant that the [assignee] . . . was actually the party controlling the litigation in both actions . . . . This is an essential component of our analysis.").

Defendants' third-party complaint against the banks-in-liquidation was also correctly dismissed. Defendants waited two years before attempting to serve process on the banks-in-liquidation and never successfully served process on them. We have previously held inapplicable the foreign country exception to Federal Rule of Civil Procedure 4(m)'s 120-day time limit for service where a party did not attempt service within the 120-day limit and "ha[d] not exactly bent over backward to effect service." *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). Likewise we do not find that the district court abused its discretion here where defendants waited two and a half years to attempt service, never effected service, and did not

explain why they had not been able to effect service.  *See Nagy v. Dwyer*, 507 F.3d 161, 163 (2d Cir. 2007) ("We review for abuse of discretion a district court's dismissal of an action for failure to timely serve the defendant.").

We have considered the remainder of defendants' arguments and conclude that they lack merit.  Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK