08-4355-cv
Counter Terrorist Group US v. New York Magazine

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-sixth day of April, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
COUNTER TERRORIST GROUP US, COUNTERR GROUP, and
J.K. IDEMA,

> *Plaintiffs-Appellants,*

v.                                                                      No. 08-4355-cv

NEW YORK MAGAZINE, both individually and severally,
NEWYORKMETRO.COM, both individually and severally,
NEW YORK MAGAZINE HOLDINGS, LLC, both individually
and severally, LAWRENCE C. BURNSTEIN, both individually
and severally, STACY SULLIVAN, both individually and severally,
JOSEPH A. CAFASSO, both individually and severally, EDWARD
A. ARTIS, both individually and severally, TRACY PAUL
WARRINGTON, both individually and severally, DOES, 1 through
7, inclusive, both individually and severally, and TOD
ROBBERSON,

---

\* The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate. The appeal has been decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

1

*Defendants-Appellees.***

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –x

FOR PLAINTIFFS-APPELLANTS:     J.K. Idema, *pro se*, Poughkeepsie, NY.

                               John E. Tiffany, Law Offices of John E. Tiffany, P.C., Newark, NJ.


FOR DEFENDANTS-APPELLEES:       Slade R. Metcalf (Rachel F. Strom, *on the brief*), Hogan & Hartson LLP, New York, NY, *for defendants-appellants New York Media LLC, Lawrence C. Burnstein, and Stacy Sullivan.*

                               Louise Sommers, Miller Korzenik Sommers LLP, New York, NY, *for defendant-appellant Tracy Paul Warrington.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).


**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.


Plaintiffs-appellants appeal from the District Court's orders (1) dismissing their complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve defendants within 120 days of filing the complaint; and (2) denying their motion for an extension of time to effect service upon the defendants. We assume the parties' familiarity with the factual and procedural history of the case.

We review the dismissal of a complaint for failure to serve process for abuse of discretion. *See Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). Under Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

** The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

Fed. R. Civ. P. 4(m).

Although a district court must grant an extension where good cause is shown, it may also grant a discretionary extension absent such showing. *See Zapata*, 502 F.3d at 196 (citing *Henderson v. United States*, 517 U.S. 654, 662-63 (1996)). Because the authority to grant an extension absent a showing of good cause is purely discretionary, plaintiffs' argument that the District Court was required to grant an extension pursuant to *Henderson* is without merit. *See id.* at 197-99.

Here plaintiffs have not shown good cause for the failure to effect service in a timely fashion, nor that the District Court abused its discretion in denying an extension absent good cause. It is undisputed that plaintiffs' counsel and others employed to serve process on defendants miscalculated Rule 4(m)'s 120-day period by several days, and then delayed attempting service until the very end of that period. Despite plaintiffs' allegation that some defendants attempted to evade service, the record demonstrates that all but one of the defendants were served within five days of the first attempt of service. Thus, plaintiffs' miscalculation, and not defendants' alleged evasion, caused service to be untimely. Attorney error does not constitute good cause under Rule 4(m). *See McGregor v. United States*, 933 F.2d 156, 159-60 (2d Cir. 1991).

We also reject plaintiffs' argument that the District Court failed to comply with Rule 4(m) because it failed to give notice to plaintiffs before dismissing the complaint on its own motion. Here plaintiffs themselves raised the issue of untimely service is a motion for an extension of time. Thus, plaintiffs had ample opportunity to argue—and did in fact argue—that there was good cause to extend the 120-day period. *Cf. Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) ("[A] failure to provide notice pursuant to Rule 4(m) can constitute an abuse of discretion or error of law where the absence of notice forestalled a plaintiff from making a colorable argument that there was good cause to extend the 120-period in which service was due."). Accordingly, the District Court did not abuse its discretion in dismissing the complaint pursuant to Rule 4(m).

**CONCLUSION**

We have considered all of plaintiffs' arguments and find them to be without merit. In accordance with the foregoing, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3