Manolis v. Brecher

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand fifteen.**

**PRESENT:**
>           GERARD E. LYNCH,
>           DENNY CHIN,
>                   ***Circuit Judges,***
>           JOHN G. KOELTL,[*]
>                   ***District Judge.***

_____

**Angie Joan Manolis,**

>           *Plaintiff-Appellant*,

>   **v.**                                                           **14-748**

**Daniel Brecher,**

>           *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Angie Joan Manolis, pro se, Athens, Greece. |
| **FOR DEFENDANT-APPELLEE:** | Abrams Garfinkel Margolis Bergson, LLP, New York, New York. |

_____

[*]      The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from an order of the United States District Court for the Southern District of New York (Richard M. Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Angie Joan Manolis, proceeding pro se, appeals the district court's order granting summary judgment in favor of appellee Daniel Brecher on her breach of contract claim. She also purports to appeal the district court's previous dismissal of several of her other claims. We assume the parties' familiarity with the underlying facts and procedural history.

"We have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte." *Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs.*, 607 F.3d 951, 955 (2d Cir. 2010) (alteration and internal quotation marks omitted). Here, Manolis's notice of appeal identifies only the district court's order granting summary judgment and references her intent to appeal only from that order, and not from the final judgment in the case or from any prior order of the district court. She therefore has not properly appealed the district court's previous orders dismissing her other claims and denying her motion for reconsideration of the dismissal of her defamation claim. *See* Fed. R. App. P. 3(c)(1)(B) (requiring that notice of appeal "designate the judgment, order, or part thereof being appealed"); *Gonzales v. Thaler*, 132 S. Ct. 641, 652 (2012) (holding that the requirements of Rule 3 are jurisdictional); *New Phone Co., Inc. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007) (per curiam) (finding lack of jurisdiction to consider district court's filing injunction because notices of appeal did not mention the injunction order and intent to appeal therefrom could not be inferred from notices). Accordingly, we address only whether the district court erred in granting summary judgment on Manolis's breach of contract claim.

We review a grant of summary judgment de novo, viewing "the facts in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment

is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rationale trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

If a nonmoving party fails to comply with local rules governing summary judgment, a district court may rely on a moving party's statement of undisputed facts as long as those facts are supported by the record. *N.Y.S. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 649 (2d Cir. 2005). Here, the district court properly admitted Brecher's statement of undisputed facts because Manolis failed to comply with the requirement of Southern District of New York Local Rule 56.1 to respond to the moving party's statement of undisputed facts in point-counterpoint fashion and to cite to admissible evidence. Contrary to Manolis's assertion, Brecher properly cited to admissible evidence supporting each point in his statement of undisputed facts. Moreover, Manolis's argument that the district court's prior order denying Brecher's motion to dismiss her breach of contract claim conferred res judicata effect as to the truth of the complaint's allegations is meritless. *See In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985) (explaining that res judicata requires, *inter alia*, a final judgment on the merits).

Manolis also argues that summary judgment was erroneous because she raised a material question of fact as to whether Brecher breached the parties' agreement by failing to appear as counsel of record for her pro hac vice application. But the agreement unambiguously limited Brecher's services to "ministerial assistance" and explained that Brecher had "not been retained to appear or to represent any one in any actions or proceedings." Appellee's App'x at 205. Because "the agreement's language is unambiguous and conveys a definite meaning," *Am. Home Assur. Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 316 (2d Cir. 2006) (internal quotation mark omitted), and Manolis identified no record evidence raising a genuine dispute of material fact, summary judgment in Brecher's favor was proper.

3

We have considered all of Manolis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk