Manolis v. Brecher

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand sixteen.**

**PRESENT:**

> **DENNIS JACOBS,**
> **DENNY CHIN,**
> **CHRISTOPHER F. DRONEY,**
> > **<u>Circuit Judges</u>.**

_____

**Angie Joan Manolis,**

> **<u>Plaintiff-Appellant</u>,**

> **v.**

**15-1512**

**Daniel Brecher,**

> **<u>Defendant-Appellee</u>.**

_____

**FOR PLAINTIFF-APPELLANT:**     Angie Joan Manolis, <u>pro se</u>, Athens, Greece.

**FOR DEFENDANT-APPELLEE:**     Andrew W. Gefell and Robert J. Bergson, Abrams Garfinkel Margolis Bergson, LLP, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Berman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Angie Joan Manolis, a foreign lawyer appearing pro se, appeals the denial of her Federal Rule of Civil Procedure 60(b) motion for reconsideration of the district court's order granting summary judgment in favor of Defendant-Appellee Daniel Brecher on Manolis's breach of contract claim. In a previous order, we affirmed the grant of summary judgment and determined that we lacked jurisdiction to review district court orders issued before the entry of summary judgment because Manolis had failed to properly appeal them. See Manolis v. Brecher, 588 F. App'x 85 (2d Cir. 2015) (summary order). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 60(b) motion for abuse of discretion. Meilleur v. Strong, 682 F.3d 56, 64 (2d Cir. 2012). "A district court abuses its discretion if it bases 'its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co., 609 F.3d 122, 127 (2d Cir. 2010) (quoting Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998)).

"[T]he law of the case doctrine forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings" in the same case. United States v. Williams, 475 F.3d 468, 471 (2d Cir. 2007). One branch of that doctrine, the mandate rule, "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's

2

mandate." Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (quoting Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010)). Furthermore, "'where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone,' it is considered waived and the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening such issues . . . ." United States v. Quintieri, 306 F.3d 1217, 1229 (2d Cir. 2002) (quoting United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001)); see also id. at 1225 ("The 'mandate rule' ordinarily forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court."); DeWeerth v. Baldinger, 38 F.3d 1266, 1270–71 (2d Cir. 1994) (a district court lacks jurisdiction to consider a Rule 60(b) motion in a case that has been reviewed on appeal unless the motion for reconsideration is based on "later events" or a "change in circumstances" not previously considered by the appellate court).

Manolis premised her reconsideration motion on forgery allegations that were litigated prior to the entry of summary judgment and determined by the district court to be unfounded. She raised those allegations again in her summary judgment opposition briefing; the district court's summary judgment decision explained that it had already rejected the arguments. Manolis purported to challenge the earlier determinations when she appealed from the summary judgment order, and we concluded that she had not properly appealed the prior orders rejecting those arguments; she also cited her forgery allegations as reason for reversal of the summary judgment decision. We have thus already considered Manolis's forgery allegations, and, to the extent that we did not address the merits of those allegations in our previous order, the fault is her own.

Manolis argues that her motion was based on an expert analysis that supported her forgery allegations, and that the analysis was not commissioned and produced until after we affirmed the

3

grant of summary judgment in Brecher's favor; she contends that the analysis therefore constitutes a "later event" that we did not previously consider in connection with her previous appeal. This argument is without merit. The claimed forgery does not constitute events or circumstances that arose after the initial appeal; Manolis has been pressing the same argument, regarding the same emails, since at least September 2011. Accordingly, the district court did not abuse its discretion in ruling that it was precluded from considering her motion. See Fine v. Bellefonte Underwriters Ins. Co., 758 F.2d 50, 52 (2d Cir. 1985) (the district court correctly held that, pursuant to law-of-the-case doctrine, it lacked jurisdiction to consider Rule 60(b) motion following appellate decision because movant cited no "material change of circumstances or newly discovered evidence").

In any event, Manolis would not be entitled to Rule 60(b) relief. Although she framed her motion as one seeking relief pursuant to Rule 60(b)(3), her real claim is that the expert analysis is newly discovered evidence under Rule 60(b)(2). See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 178 (2d Cir. 2004) ("Where a claim sounds very much like a claim regarding newly discovered evidence, the claim is controlled by 60(b)(2) and should not be labeled as if brought under a different provision of Rule 60(b)." (internal quotation marks omitted)). Manolis is not entitled to relief under that rule because she could have obtained the expert analysis at any time prior to summary judgment. See Fed. R. Civ. P. 60(b)(2) (a court may grant relief from judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered . . ."); see also State St. Bank, 374 F.3d at 178 ("To prevail on a motion for relief pursuant to Rule 60(b)(2), a movant must demonstrate that [s]he was justifiably ignorant of the newly discovered evidence despite due diligence.").

4

We have considered all of Manolis's arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk