11-2729-cv
Meilleur v. Strong

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2011

(Submitted:    April 30, 2012                    Decided: May 24, 2012)

Docket No. 11-2729-cv

─────────────────────────────

LESLIE MARIA MEILLEUR,

*Plaintiff-Appellant*,

– v. –

DOUGLAS STRONG, DETECTIVE, and AN UNIDENTIFIED POLICE OFFICER

*Defendants-Appellees*.[1]

─────────────────────────────

Before: CALABRESI, RAGGI, and CHIN, *Circuit Judges*.

Plaintiff-Appellant, proceeding *pro se* and *in forma pauperis*, appeals an order of the district court dismissing her 42 U.S.C. § 1983 claim for failure of timely service and a subsequent order denying her Fed. R. Civ. P. 60(b) "motion to reopen." We hold that the district court did not abuse its discretion in dismissing the Plaintiff-Appellant's action or in denying Rule 60(b) relief, despite her attempt to effect service with the aid of the United States Marshals Service.

Affirmed.

Leslie Maria Meilleur, New York, N.Y., *Plaintiff, Pro Se*.

No Appearance, *for Defendants-Appellees*.

───────────────

[1] The Clerk of Court is directed to amend the official caption as shown above.

CALABRESI, *Circuit Judge*:

Plaintiff-Appellant Leslie Meilleur, proceeding *pro se* and *in forma pauperis* ("IFP"), appeals (a) a January 10, 2011 order of the district court (Paul G. Gardephe, *Judge*) dismissing her 42 U.S.C. § 1983 claim for failure timely to serve the Defendants, who are members of the New York Police Department ("N.Y.P.D."), and (b) a May 26, 2011 order of that same court denying her Fed. R. Civ. P. 60(b) motion to reopen. Meilleur's primary argument on appeal is that she has demonstrated "good cause" for her failure timely to serve the Defendants because (a) as a *pro se* litigant proceeding IFP, she was entitled to rely on the Marshals to effect service, and (b) the Marshals' delay in effecting service was through no fault of her own. Consequently, she argues, the district court erred both in dismissing her action and in denying her motion for Rule 60(b) relief. For the reasons stated below, we affirm the district court's dismissal of Meilleur's Section 1983 claim and its denial of her Rule 60(b) motion.

## BACKGROUND

On July 14, 2010, Meilleur, proceeding *pro se*, filed a Section 1983 complaint against Detective Douglas Strong of the N.Y.P.D. and "other officers involved (whose name [*sic*] I can't recall) of the 33rd precinct." Complaint at 1, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG) (S.D.N.Y.), ECF No. 2.[2] The complaint asserted, *inter alia*, claims of false arrest and malicious prosecution. On that same day, the district court granted Meilleur leave to proceed IFP and issued a summons for Detective Strong.[3] The district court clerk's office subsequently provided

---

[2] The precise number and specific names of these unidentified officers are not relevant to the disposition of this appeal. Nor is the question of whether Meilleur is suing Strong and the other Defendants in their individual and/or official capacities.

[3] Despite appearing to have issued a summons only for Strong, *see* Docket Sheet Entry of July 14, 2010, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG) (S.D.N.Y.), the district court, in its subsequent orders, referred consistently to multiple "Defendants" requiring service. *See, e.g.*, Order at 1, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG) (S.D.N.Y. Nov. 16, 2010), ECF No. 3;

2

Meilleur with a "FRCP 4 Service Package" that contained, *inter alia*, an original summons and copies of the summons, a *pro se* handbook, USM-285 forms with instructions for arranging for the United States Marshals Service to serve process, and affirmation of service forms.

Pursuant to Fed. R. Civ. P. 4(m), which requires that a plaintiff serve a complaint and summons "within 120 days after the complaint is filed," Meilleur faced a deadline of November 11, 2010 to serve the Defendants. Despite receiving substantial instructions from the district court regarding the delivery of service, she did not meet this deadline. The district court did not, however, dismiss Meilleur's action. Instead, in an order filed on November 16, 2010, the court directed Meilleur "to arrange for prompt service of the summons and complaint on [the] Defendants," and stated that if Meilleur did not (a) effect service by the new deadline of December 30, 2010, and (b) "make a written application to the [district court] to extend the time for service, showing good cause for the failure to serve," her action would be dismissed. Order at 1, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG) (S.D.N.Y.), ECF No. 3. The district court also informed Meilleur that the *Pro Se* Office of the district court "may be of assistance in connection with court procedures." *Id*. at 2.

On November 23, 2010, Meilleur filed a motion with the district court seeking an extension of time to effect service. Along with this motion, Meilleur submitted an affirmation in which she referenced her attempt to serve the summons and complaint through the New York City Sheriff's Office. By an order filed on November 29, 2010, the district court denied Meilleur's motion, noting that "over thirty days remain[ed] before the current deadline [was to] expire[]." Order, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG) (S.D.N.Y.), ECF No. 4. The court reiterated that Meilleur was required to effect service by December 30, 2010, and warned that

Order, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG) (S.D.N.Y. Nov. 29, 2010), ECF No. 4. We assume that Meilleur was required to serve more than one Defendant.

3

her action would be dismissed if (a) she failed to meet that deadline and (b) she did not "make a written application to the [district court] to extend the time for service, showing good cause for the failure to serve." *Id.*

Meilleur subsequently made arrangements with the United States Marshals Service to have the summons and complaint served on Strong.[4] Specifically, on December 2, 2010, Meilleur delivered the necessary documents—along with the complete address for the N.Y.P.D.'s Thirty-Third Precinct—to the Marshals Service. By the time the district court's December 30 deadline had run, however, the Marshals had not "set up for [personal service]." *See* Motion to Reopen, ex. U.S. Marshals Service Process Receipt and Return, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG) (S.D.N.Y. May 10, 2011), ECF No. 6. That came only on February 2, 2011. The Marshals, in turn, did not complete service to the Thirty-Third Precinct until February 7, 2011. *Id.*

Although, as noted immediately above, Meilleur delivered her complaint and summons to the Marshals on December 2, she did not apprise the court of the arrangements she had made with the Marshals, nor—as the December 30 deadline drew near—did she file a proof of service or lodge a new request for an extension of time in accordance with the court's November 16, 2010 order. Consequently, the district court, through an order filed on January 10, 2011, dismissed Meilleur's action without prejudice pursuant to Rule 4(m). The district court did not enter the separate judgment with respect to this order that is required under Fed. R. Civ. P. 58(a). Meilleur, for her part, did not file a notice of appeal in the immediate wake of the dismissal. Nor

---

[4] The record on appeal contains no evidence that Meilleur attempted to serve the "unidentified police officer" through the Marshals. Her Rule 60(b) motion refers only to her attempts to serve "the respondent." *See* Motion to Reopen, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG) (S.D.N.Y. May 10, 2011), ECF No. 6. The "respondent," in turn, appears to be Strong, who is the only defendant listed to be served on the process receipt and return that Meilleur submitted to the Marshals and appended to her motion. *Id.*

did she alert the district court to the fact that the summons and complaint were in the possession of—and awaiting delivery by—the Marshals at the time of the dismissal.

Indeed, Meilleur did not offer any kind of response to the court's January 10 order until May 10, 2011, when, along with a process receipt and return of service detailing the Marshals' successful delivery of the complaint and summons to the Thirty-Third Precinct in February 2011, she filed a motion to reopen her case. By an order filed on May 26, 2011, the district court denied Meilleur's motion, reasoning that "[s]ervice was not made until February 7, 2011—208 days after the summons was issued," and that Meilleur "did not explain why service could not be made between July 14, 2010 and November 11, 2010, or within the additional time provided by the [district court]." Order at 1, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG) (S.D.N.Y. May 26, 2011), ECF No. 8. Meilleur filed a notice of appeal on May 31, 2011, in which she stated she sought to challenge "order 10 civ 5371 (PGG), motion to reopen case [*sic*]," but listed the date of entry for the order from which she was appealing as January 10, 2011, which corresponds to the date of entry for the district court's initial order dismissing her action. Notice of Appeal, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG) (S.D.N.Y. May 31, 2011), ECF No. 15.

## DISCUSSION

## I

To establish our jurisdiction over this matter, we must first ascertain the scope of Meilleur's appeal. We "construe notices of appeal liberally, taking the parties' intentions into account." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995). Meilleur's May 31, 2011 notice contains references to the district court's May 26, 2011 order denying her motion to reopen (the district court's "order 10 civ 5371 (PGG), motion to reopen case [*sic*]") and its January 10, 2011 order dismissing her Section 1983 action. Notice of Appeal, *Meilleur v. Strong*,

No. 10 Civ. 5371 (PGG) (S.D.N.Y. May 31, 2011), ECF No. 15. Read liberally to give fullest effect to Meilleur's apparent intentions, her notice of appeal is thus two-pronged, calling us to review both the original dismissal of her action and the subsequent denial of her motion to reopen.

Meilleur's May 2011 motion did not specify the provision or provisions of the Federal Rules of Civil Procedure under which she sought to "reopen" her case. Meilleur's motion fell far outside the 28-day period for filing a Rule 59(e) motion to alter or amend a judgment. Consequently, we construe her motion as proceeding under Rule 60(b). *See Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (treating an untimely motion for reconsideration as a Rule 60(b) motion).

We are satisfied that, so construed, we have jurisdiction over the totality of Meilleur's appeal. Meilleur's challenge to the district court's May 26, 2011 order was timely, falling well within the 30-day limit specified by Fed. R. App. P. 4(a)(1). The same holds for her challenge to the court's January 10, 2011 order. As we noted above, the district court did not enter a separate judgment for that order, as is required by Fed. R. Civ. P. 58(a). "A failure to set forth a judgment or order on a separate document when required by [Rule] 58(a)(1) does not[, however,] affect the validity of an appeal from that judgment or order." *Goldberg & Connolly v. N.Y. Cmty. Bancorp, Inc.*, 565 F.3d 66, 71 n.3 (2d Cir. 2009) (citing Fed. R. App. P. 4(a)(7)(B)) (internal quotation marks and brackets omitted). Pursuant to Fed. R. Civ. P. 58(c)(2)(B), the district court's judgment with respect to its order of January 10, 2011 became final on June 9, 2011, which was 150 days after the January 10, 2011 entry of that order on the civil docket. *See Goldberg & Connolly*, 565 F.3d at 71 n.3. Meilleur filed her notice of appeal on May 31, 2011, several days *before* the constructive entry of the judgment of the January 10 order. Accordingly, we treat her

appeal of that order as having been filed on June 9, 2011, the date of the constructive entry of the court's judgment. *Id*. (citing Fed. R. App. P. 4(a)(2)). It follows that Meilleur's appeal of the January 10, 2011 order is timely.

**II**

We, therefore, turn to Meilleur's challenge to the district court's order dismissing her Section 1983 action. We review dismissals under Fed. R. Civ. P. 4(m) for abuse of discretion. *See Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks and citations omitted).

Under Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

We have held that district courts have discretion to grant extensions, and may do so even in the absence of "good cause." *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

In the Rule 4(m) context, a district court abuses its discretion when, among other things, it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 115 (2d Cir. 2010). In keeping with

7

this requirement that the plaintiff show "good cause," we generally will not reverse a district court's dismissal of an action for lack of service unless the appellant can "advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198.

Meilleur's primary argument on appeal is that she has demonstrated good cause for her failure timely to serve the Defendants because, (a) as a *pro se* litigant proceeding IFP, she was entitled to rely on the Marshals to effect service, and (b) the delay in the delivery of process to Strong was solely attributable to the Marshals. Although we agree that plaintiffs proceeding *pro se* and IFP are entitled to rely on the Marshals to effect service, we believe that Meilleur overstates the scope of that entitlement.

Two opinions of this Court are particularly important to our discussion: *Romandette v. Weetabix Co.,* 807 F.2d 309 (2d Cir. 1986), and *Nagy v. Dwyer*, 507 F.3d 161 (2d Cir. 2007) (*per curiam*). In *Romandette*, we held that "an incarcerated *pro se* litigant proceeding *in forma pauperis* . . . [is] entitled to rely on service by the U.S. Marshals." 807 F.2d at 311 (citing Fed. R. Civ. P. 4(c)(2)(B)(i) (1986)).[5] When, in *Romandette*, we sought to determine whether the district

---

[5] Although Rule 4(c) has been revised several times since *Romandette*, the articulation of the entitlement has not changed in any manner material to this appeal.

The version of Rule 4(c) in effect at the time we issued *Romandette* read, in relevant part, as follows:

> A summons and complaint shall, at the request of the party seeking service or such party's attorney, be served by a United States marshal or deputy United States marshal, or by a person specifically appointed by the court for that purpose, only—
> (i)     on behalf of a party authorized to proceed in forma pauperis pursuant to Title 28, U.S.C. § 1915, or of a seaman authorized to proceed under Title 28, U.S.C. § 1916 . . . .

Fed. R. Civ. P. (4)(c)(2)(B)(i) (1986).
        At the time we issued *Nagy*, Rule 4(c) read in relevant part:

> At the request of the plaintiff… the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer

court's dismissal of the plaintiff's action accorded with this entitlement, we looked to the manner in which the plaintiff invoked the entitlement and, relatedly, the court's knowledge of that invocation at the time it ordered the dismissal. As we observed, the plaintiff had "indicated to the court his reliance on service by the Marshals and he timely requested that the Marshals effect personal service." *Id*. at 311. "Because the[se] special circumstances of the litigant's position were before the court, and yet were not considered," we held "that the district court erred in dismissing the case for failure to effect service." *Id*.

Our later opinion in *Nagy* is fully consistent with the scope of the entitlement established in *Romandette*, and with the method there set forth for reviewing court-ordered dismissals. In *Nagy*, we determined that a "district court may require plaintiffs proceeding *in forma pauperis* to affirmatively request that the court appoint the Marshals to serve the summons and complaint on the defendant." 507 F.3d at 164. In light of this, we held that—where the plaintiff has made no request for service by the Marshals—"it [was] not error for the district court to wait to order the Marshals to serve the defendant until such a request has been made." *Id*. In the course of issuing this ruling, we observed that our decision in *Romandette* relied on the "specific circumstances of that case, namely, that the plaintiff, incarcerated and *pro se*, 'indicated to the court his reliance on service by the Marshals and . . . timely requested that the Marshals effect personal service.'"

---

specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 . . . .

Fed. R. Civ. P. 4(c)(2) (2007).
Currently, Rule 4(c) reads in relevant part:

At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . .

Fed. R. Civ. P. 4(c)(3).

*Id*. (quoting *Romandette*, 807 F.2d at 311) (alteration in original). Both *Romandette* and *Nagy* include hortative dicta to district courts that go beyond their actual holdings (and do so in different directions). But both ultimately leave a wide range of discretion to the district courts.

Though Meilleur contends that her reliance on the Marshals is sufficient to establish that the district court erred in dismissing her suit, we do not believe that our cases go that far. If a plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so.

It follows that we must look at the facts before the district court at the time of its decision in the instant case. And, given those facts, we cannot conclude that the court abused its discretion in dismissing Meilleur's action for failure to achieve timely service. We recognize that the consequences of this holding are harsh and we might well have exercised discretion differently were it for us to decide in the first instance. But this does not mean that the district court's action constituted a reversible abuse of discretion.

What did the district court know and what could it have expected to have been told by the Plaintiff at the time it rendered its decision? Although Meilleur provided the Marshals with the complaint and summons naming Strong on December 2—some weeks before the extended service deadline of December 30—she did not notify the court of her compliance with its instructions. Nor did she alert the court to the likely impending service of the process. Similarly, she made no effort to verify the status of her service request prior to the expiration of the extended deadline. And, despite her prior history of responding to the court's notices and orders, and despite once having filed a motion in which she sought an extension of time, Meilleur did

not seek an extension of the revised December 30 deadline in light of her arrangements with the Marshals. Finally, Meilleur made no attempt in the immediate aftermath of the court's January 10, 2011 dismissal to apprise the court of the status of her summons and complaint.

The district court reasonably could have expected Meilleur to raise the issue of pending service either prior to, or immediately following, its order of dismissal. Meilleur's submissions establish that she imperfectly understood the technicalities of federal jurisdiction and certain details of the procedures for serving process. Nevertheless, her history of interactions with the court prior to January 10, 2011 demonstrated that she was aware of (a) the consequences of failing to comply with the court's orders and (b) the opportunities she had to communicate with the court to ensure her compliance and thus, potentially, to stave off those consequences.

Viewing in their totality the facts available to the district court at the time of its decision to dismiss, we cannot say that it abused its discretion in its January 10, 2011 order of dismissal. It was in no way evident to the court that process had been properly served, or that such service was likely imminent.[6]

**III**

As noted above, we construe Meilleur's notice of appeal as challenging both the district court's original dismissal of her action on Rule 4(m) grounds and its subsequent rejection of her Rule 60(b)(1) motion to reopen. We affirm the district court's Rule 60(b) determination, largely on the same grounds as our affirmance of its Rule 4(m) decision.

Fed. R. Civ. P. 60(b)(1) "permits a district court to grant relief from a judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'" *Johnson v. Univ. of Rochester Med.*

---

[6] While we do not think the district court erred here, and Rule 4(m) requires no more of district courts, district courts may, in their discretion, deem it desirable in some cases to inquire as to *pro se* plaintiffs' compliance (or lack thereof) with their instructions before dismissing their actions.

*Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(1)). We review the denial of a Fed. R. Civ. P. 60(b) motion for abuse of discretion and identify none here.

The record demonstrates that Meilleur did make efforts some weeks before the extended service deadline to have the Marshals deliver her summons and complaint and, in so doing, provided the Marshals with sufficient information to locate and serve Detective Strong; any delays in service following her provision of process to the Marshals should be attributed to the Marshals, not to Meilleur. Were the Marshal-attributable delay the only factor motivating the district court's rejection of Meilleur's motion to reopen, we might well, in keeping with Meilleur's entitlement to rely on the Marshals, find reversible error in the court's decision. Here, however, Meilleur did not, in December, alert the district court to her arrangements with the Marshals, apprise the court of the status of the process prior to dismissal, or seek another extension (as per the court's instructions and according to her own demonstrated understanding of civil procedure). Nor did she promptly challenge the January 2011 dismissal by raising the Marshals' delay in serving Strong. Rather, Meilleur waited until May 31, 2011—four months after the district court had dismissed her case and three months after the Marshals successfully served Strong—to alert the district court to the Marshals' efforts. Meilleur offered no explanation to the district court for the multi-month lag between service and her motion to reopen. Therefore, the district court did not abuse its discretion in finding that there was no "mistake, inadvertence, surprise, or excusable neglect" that would justify Rule 60(b)(1) relief.

## CONCLUSION

For the above stated reasons, we AFFIRM the district court's orders dismissing Meilleur's Section 1983 action and denying Rule 60(b) relief.

12