Ferran v. Office of the District Attorney

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand fifteen.

**PRESENT:**
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> RICHARD K. EATON,*
> > *Judge, U.S. Court of International Trade.*

---

**Mark R. Ferran, Nadia Ferran,**

> *Plaintiffs-Appellants*,

> v.                                                          No. 13-3156

**Office of the District Attorney of the County of Rensselaer, Kenneth R. Bruno, in his individual and official capacity, Rensselaer County, Patricia DeAngelis, District Attorney, in her individual and official capacity,**

> *Defendants-Appellees*,

**James Canfield, individually and in his capacity as Justice of the Supreme Court of the State of New York,**

> *Defendant*.

---

---

\* Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

**FOR PLAINTIFFS-APPELLANTS:**   Mark R. Ferran, Nadia Ferran, pro se, Albany, NY.

**FOR DEFENDANTS-APPELLEES:**   No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*; Hummel, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Mark and Nadia Ferran, proceeding *pro se*, appeal the district court's judgment dismissing their 42 U.S.C. § 1983 complaint for refusal to effect service of process.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal of a complaint for lack of timely service under Fed. R. Civ. P. 4(m) for abuse of discretion.   *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012).   "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions."   *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks omitted).   "In the Rule 4(m) context, a district court abuses its discretion when, among other things, it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service."   *Meilleur*, 682 F.3d at 61.   We will not overrule a dismissal for lack of service unless the appellant "advance[s] some colorable excuse for neglect."   *Id.* (quoting *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007)).

2

Here, upon review, we conclude that the district court properly dismissed Appellants' complaint without prejudice pursuant to Rule 4(m). Appellants acknowledge that they failed to serve process and notified the district court of their refusal to serve process in the future. Further, they have failed to advance a colorable justification. Appellants appear to argue that they did not effect service of process because the district court did not *sua sponte* issue an order extending the time to serve process, and that the district court's failure to issue such an order meant that they did not need to serve the complaint. That argument is without merit. While Rule 4(m) allows the court to issue an order that service be made within a specified time if a defendant is not served within 120 days after the complaint is filed, it does not require the court to issue such an order.

We have considered all of Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3