18-2945-cv
*Pajak v. New York State Office*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand nineteen.

PRESENT:     JOSÉ A. CABRANES,
             REENA RAGGI,
                        *Circuit Judges*,
             EDWARD R. KORMAN,
                        *District Judge*.*

_____

ROSEANN PAJAK,

                *Plaintiff-Appellant*,                          18-2945-cv

                v.

NEW YORK STATE OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE,

                *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          HARVEY P. SANDERS, Sanders & Sanders, Cheektowaga, NY.

FOR DEFENDANT-APPELLEE:           KATE H. NEPVEU, Assistant Solicitor General (Victor Paladino, Assistant

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

Solicitor General, and Barbara D. Underwood, Solicitor General, *on the brief), for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from a September 10, 2018 judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Roseann Pajak ("Plaintiff") appeals from a September 10, 2018 judgment of the District Court dismissing her action under the Rehabilitation Act of 1973 against her former employer, Defendant-Appellee New York State Office of Temporary and Disability Assistance ("Defendant"), for failure to serve process in a timely manner. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a district court's dismissal for failure to serve process in a timely manner for abuse of discretion. *See Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). "'A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions.'" *Id.* (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 99 (2d Cir. 2009)).

Federal Rule of Civil Procedure 4(c)(1) states that "[a] summons must be served with a copy of the complaint . . . within the time allowed by Rule 4(m)." In turn, Rule 4(m) states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Although a district court "must" extend the time for service where the plaintiff has shown good cause, Fed. R. Civ. P. 4(m), we also have held that Rule 4 "commits extensions in the *absence* of good cause, like determinations on the *presence* of good cause, to the sound discretion of the district court." *Zapata v. City of N.Y.*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original).

"[W]e generally will not reverse a district court's dismissal of an action for lack of service unless the appellant can 'advance some colorable excuse for neglect.'" *Meilleur*, 682 F.3d at 61 (quoting *Zapata*, 502 F.3d at 198). Even when a plaintiff has advanced a colorable excuse for neglect,

2

vacatur of a Rule 4(m) dismissal is not appropriate absent an abuse of discretion by the district court. *See id.* "In the Rule 4(m) context, a district court abuses its discretion when, among other things, it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service." *Id.* (citation omitted). By the same token, "we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Zapata*, 502 F.3d at 197.

After reviewing the record, we decline to vacate the District Court's Rule 4(m) dismissal and thus affirm the judgment below. As a threshold matter, this is *not* a case where the district court dismissed the action without prior notice to the plaintiff or without opportunity to show good cause. To the contrary, despite Plaintiff's conceded failure to show good cause for failing to serve process within the time allowed by Rule 4(m), the District Court extended the time to serve Defendant for a reasonable period. Plaintiff, however, failed to properly serve Defendant within the time period ordered by the District Court.[1]

In light of Plaintiff's insufficient service, the District Court properly considered whether she had shown "good cause" for her second failure to serve process and concluded that she had not. Having determined that Plaintiff had not established good cause, the District Court then weighed the impact that a dismissal or extension would have on the parties and dismissed the instant action. In doing so, the District Court followed the proper procedure established under the law of this Circuit. *See, e.g.*, *Meilleur*, 682 F.3d at 61; *Zapata*, 502 F.3d at 197-98. More importantly, the District Court did not issue a ruling based on "'an erroneous view of the law'" or "'a clearly erroneous assessment of the evidence,'" nor did it "'render[ ] a decision that cannot be located within the range of permissible decisions.'" *Meilleur*, 682 F.3d at 61 (quoting *Lynch*, 589 F.3d at 99).

Plaintiff's primary argument on appeal is that she demonstrated good cause for her failure to timely serve Defendant because the text of the District Court's November 21, 2017 Decision and Order ("Order") only required her to "serve the Amended Complaint," not the summons, "on Defendant by December 12, 2017, and file a Certificate of Service with the Court." Joint App. at 50. Plaintiff's argument lacks merit because, among other things, she did not rely on the Order in withholding the summons from the packet of documents served on Defendant. *See* Pl. Reply Br. at 2–3 (explaining that Plaintiff "never said she deliberately excluded the summons" and that she

---

[1] Although Plaintiff served a copy of the amended complaint on Defendant, she did not serve the summons, as required by Rule 4(c)(1). In fact, Plaintiff would not serve the summons on Defendant until January 29, 2018—fully seven weeks after the Court's extension deadline—and would only do so *after* Defendant moved to dismiss the action for, among other things, insufficient service of process.

merely asked the court that her belated "January [29,] 2018 service be accepted in light of the fact that the district court had ordered her to serve the Amended Complaint, not a summons") (internal quotation marks omitted). As stated in the declaration of Plaintiff's attorney, Plaintiff's second failure to timely serve Defendant resulted from mere inadvertence, not from a conscious decision to comply literally with the Order. *See* Joint App. at 84 ¶ 10 ("[T]he summons was unintentionally excluded from the packet that included the amended complaint and its exhibits."). Accordingly, because the text of the Order has no bearing on Plaintiff's failure to serve summons, Plaintiff cannot now rely on the Order to excuse her neglect.[2]

Even if we were to assume, for the sake of argument only, that Plaintiff has advanced a colorable excuse for neglect, the District Court did not abuse its discretion when it denied Plaintiff's request for extension of time *nunc pro tunc*. The District Court was not bound by its earlier balancing of equitable considerations in the Order. The District Court was entitled to consider, as it did, that Plaintiff had failed to timely and properly serve Defendant on two separate occasions. Plaintiff's non-compliance with Rule 4 (and the Order) is especially apparent in light of the fact that Plaintiff is represented by counsel and her counsel did not make any efforts to serve the summons until a month *after* Defendant raised the defect in its motion to dismiss. Since the District Court considered Plaintiff's continued neglect and the impact that a dismissal would have on the parties, there was no "abuse of discretion" under the circumstances presented.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 10, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Plaintiff's post hoc excuse for her failure to serve is also unpersuasive, if not unavailing altogether. Rule 4(c)(1) expressly requires the service of both the summons and the complaint within the time allowed by Rule 4(m). Since Plaintiff failed to serve process within the time provided in the rules, she was required to complete service within the new time period set by the Court—namely, by no later than December 12, 2017. The proposition that the District Court authorized the service of the summons at a later (indefinite) time not only would be inconsistent with the requirements of Rule 4, but also, inconsistent with the context in which the Order was issued—namely, Plaintiff's failure to comply with Rule 4(m).

4