Black v. Vitello

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-one.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                      *Circuit Judges.*

_____

SYLVIA BLACK,

            *Plaintiff-Counter Defendant-Appellant,*

       v.                                                          20-1520-cv

PEACE OFFICER CHRISTINE VITELLO,
PEACE OFFICER RICK ROSENBERRY, PEACE
OFFICER BILL HEINE, OF THE SPCA WNY,
SPCA OF WESTERN NEW YORK,

            *Defendants-Counter Claimants-Appellees.*


_____


Appearing for Appellant:          Sylvia Black, pro se, Cheektowaga, NY.

Appearing for Appellees:          Alan Donatelli, Amherst, NY.


Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, *J.*; Foschio, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Sylvia Black, pro se, sued the Society for the Prevention of Cruelty to Animals of Western New York ("SPCA") and three of its officers under 42 U.S.C. § 1983. Prior to filing the complaint with the district court, Black mailed copies of the complaint to the defendants. She did not later personally serve them with copies of a summons issued by the district court clerk and the filed complaint. The defendants moved to dismiss the complaint and a magistrate judge recommended granting the motion on the ground that the court lacked personal jurisdiction over the defendants due to improper service. The district court adopted the recommendation and dismissed the complaint. On appeal, Black moves to compel the defendants to provide a copy of their appellate brief. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo district court orders dismissing a complaint for lack of personal jurisdiction. *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020). We review dismissals based on insufficient service of process for abuse of discretion. *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (quoting *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Therefore, to survive a motion to dismiss premised on lack of personal jurisdiction and insufficient service of process, the plaintiff must demonstrate that she adequately served the defendants. *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." (internal quotation marks omitted)); *Dickerson*, 604 F.3d at 752 ("When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." (alteration and internal quotation marks omitted)).

The requirements for service of process are set out in Federal Rule of Civil Procedure 4. Rule 4 requires that a summons, which is valid only when it is signed by the district court clerk and bears the court's seal, be served with a copy of the complaint. Fed. R. Civ. P. 4(a)(1)(F)–(G), (c)(1). Service on an individual defendant must be accomplished by (1) following state law in the state where the district court is located, (2) personally delivering a copy of the summons and complaint to the defendant, (3) leaving a copy of the summons and complaint at the defendant's residence with another resident, or (4) delivering a copy to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e). Service on a corporation or association can be accomplished by the same methods or by delivering a copy of the summons and complaint to an officer, manager, or other authorized agent. Fed. R. Civ. P. 4(h)(1).

Black did not properly serve the defendants. She did not offer any evidence showing that she had served copies of the complaint with a summons signed by the district court clerk or bearing the court's seal. Further, Black did not show that she personally served the individual defendants

2

or an officer or agent of the SPCA, a non-profit corporation. Although Black provides evidence that she mailed the items to the defendants, mail is not an acceptable method of service under Federal Rule of Civil Procedure 4. Nor does New York law permit service by mail alone; service on a natural person generally requires personal delivery of the summons and complaint to either the individual or a designated agent. *See* N.Y. C.P.L.R. § 308(1), (3). Alternatively, the summons can be delivered to the defendant's residence or place of business and left with "a person of suitable age" if a copy is also mailed to the defendant's residence or place of business. *Id.* § 308(2). Finally, if service cannot be made by these means, it can be effected by affixing a copy of the summons to the defendant's residence or place of business and by mailing it to the same. *Id.* § 308(4). A judge may order an alternative if none of the above methods is practicable. *Id.* § 308(5). Service on a corporation is accomplished by personal delivery of the summons to an officer or agent of the corporation or the New York Secretary of State. N.Y. C.P.L.R. § 311(a). New York allows other avenues of service only when the original methods are impracticable, and the alternative is ordered by the court. *Id.* § 311(b). Black did not serve the defendants pursuant to these methods or obtain permission from the district court to serve the summons and complaint by mail. Therefore, the district court properly dismissed the complaint.

"We review for an abuse of discretion a district court's Rule 4(m) dismissal for failure to serve process." *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). Absent a showing of good cause, "we generally will not reverse a district court's dismissal of an action for lack of service unless the [plaintiff] can 'advance some colorable excuse for neglect.'" *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). Here, Black has not provided any explanation for her failure to timely serve Defendants. Moreover, although Rule 4(m) directs district courts to order dismissal "without prejudice" when based on a failure to timely serve process, Fed. R. Civ. P. 4(m), a district court may dismiss a case with prejudice where "[t]he problem with [the plaintiff's] causes of action is substantive" and "better pleading will not cure it," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Upon review of Black's complaint, we hold that it is "beyond doubt that [Black] can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir. 2000) (internal quotation marks omitted). Amendment to the complaint would thus be futile, and so we find that the district court did not abuse its discretion in dismissing the case with prejudice.

We also deny Black's motion to compel the defendants to provide her with a copy of their brief because they have provided copies of their brief to her. They filed two affidavits of service showing that they twice mailed a copy of the brief to Black's address of record. Further, the defendants provided a receipt from Federal Express showing that the second copy had been delivered and a copy of an email from their attorney to Black that attached a courtesy copy of the brief. Black has not stated that the address used to mail the briefs was incorrect or that she never received the emailed copy. The motion is therefore meritless.

3

We have considered the remainder of Black's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court and DENY Black's motion to compel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court