21-1448-cv
Bruzzese v. Garland

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

Adam Bruzzese,

> *Plaintiff-Appellant,*

> v.                                                                     **21-1448**

Merrick B. Garland, Attorney General of the United States,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:                  ADAM BRUZZESE, pro se, Farmingdale, New York.

FOR DEFENDANT-APPELLEE:                  DAVID A. COOPER, (Varuni Nelson, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from orders of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court dated May 14, 2021, and filed May 17, 2021, are **AFFIRMED**.

Appellant Adam Bruzzese, proceeding *pro se*, appeals from the district court orders (1) construing his motions to unseal records and for a hearing as motions to reconsider the district court's 2016 award of summary judgment, and (2) denying that relief. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

As an initial matter, Bruzzese's motions were properly construed as motions under Federal Rule of Civil Procedure 60(b). Bruzzese previously sued the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") under the Rehabilitation Act, challenging the 2009 decision by the ATF to reassign him to a non-law enforcement position. *See Bruzzese v. Sessions*, 725 F. App'x 68 (2d Cir. 2018) (summary order). The district court granted summary judgment to the ATF, a decision that we affirmed. *See id.* The motions and other letters Bruzzese filed with the district court after judgment was entered sought to raise new due process arguments regarding his 2009 reassignment at the ATF, the same event animating his Rehabilitation Act claim. Bruzzese's motions were essentially a post-judgment attempt either to amend his original complaint so as to add a new claim or to set aside the award of summary judgment based on a new legal theory. Either construction would require the district court to vacate or to set aside the judgment under Rule 60(b). *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (stating that amending complaint after entry of final judgment first requires that judgment be vacated or set aside under Rule 60(b)); *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245

2

(2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint.").

The denial of a Rule 60(b) motion is generally reviewed for abuse of discretion; denial of a Rule 60(b)(4) motion, however, is reviewed *de novo*. *See Meilleur v. Strong*, 682 F.3d 56, 64 (2d Cir. 2012); *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir. 2003). Though Bruzzese argues in his principal brief that the *de novo* standard applies, his motions did not raise an issue falling under Rule 60(b)(4) because he provides no basis to conclude that the district court's judgment is "void" under that rule. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010) (explaining that Rule 60(b)(4) applies only when the court violated the party's due process rights or acted without jurisdiction, rendering the judgment "void"). In any event, his claims fail under either standard of review.

Rule 60(b) provides "a mechanism for 'extraordinary judicial relief'" and may be "invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo*, 514 F.3d at 191 (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). Construing his *pro se* submissions to raise the strongest arguments that they suggest, *see Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007), Bruzzese argues that he could not have raised a due process claim until after the culmination of his Rehabilitation Act action. Thus, we will consider Bruzzese's motions as arising under Rule 60(b)(2), which allows a party to seek relief from final judgment on the ground of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

In order to succeed on a Rule 60(b)(2) motion, a movant must show that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant [was] justifiably ignorant of them despite due diligence, (3) the evidence [is] admissible and of such importance that it probably would have changed the outcome, and (4) the evidence [is] not . . . merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (citation omitted). Here, much of the information on which Bruzzese relies is not "newly discovered" within the meaning of Rule 60(b)(2). Indeed, Bruzzese asserts that "the evidence needed for the Due Process claim [was] under seal" in the current case, which means it was known to him before his case was dismissed. Appellant's Br. at 7–8. Most of the evidence he relies upon was produced during discovery in early phases of this case. He therefore could have requested leave to amend his complaint and have alleged a due process claim before judgment was first entered. To the extent any relevant evidence can be deemed newly discovered insofar as Bruzzese learned of it post-judgment, Bruzzese points to none that materially affects the viability of his due process arguments based on his 2009 reassignment. Thus, Bruzzese has made no showing that such evidence—as opposed to evidence available before the district court awarded summary judgment—would have changed the outcome of his due process claim.[1] Accordingly, we cannot conclude that the district court abused its discretion when it declined to grant Bruzzese relief from the judgment to allow him to assert a new claim.

We have considered all of Bruzzese's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Bruzzese argues that he could not have known before this Court's decision in his prior appeal that he would be unable to succeed on his Rehabilitation Act claim, but this does not constitute newly discovered evidence that would support his due process claim or relieve him of the duty to present that claim earlier in the proceedings to avoid piecemeal litigation. Bruzzese provides no basis upon which to conclude that he was unable to pursue his due process claim until after his Rehabilitation Act claim was dismissed.