**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-2111

HEATH ROGERS,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Senior District Judge.  (7:21-cv-00525-MFU)

Submitted:  October 30, 2025                    Decided:  November 3, 2025

Before RUSHING and BENJAMIN, Circuit Judges, KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Heath Rogers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heath Rogers appeals the district court's order dismissing without prejudice his civil action, sounding in negligence, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. The district court dismissed the action pursuant to Fed. R. Civ. P. 4(m), finding that Rogers failed to timely effect service on Defendant. This Rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant. . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Indeed, "under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause . . . for failing to serve the defendant during the 90-day period." *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022). "[A] district court abuses its discretion when . . . it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service." *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012); *see Ting-Hwa Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 708 (4th Cir. 1993) (stating standard of review).

The record establishes that the district court advised Rogers that failure to provide service within 90 days would result in dismissal without prejudice. But after entry of the dismissal order, Rogers filed a notice of appeal, with several attachments, averring that he had not received the court's prior order directing Rogers to serve process. Upon review, we find this filing to be sufficient notice of Rogers's claim that he had potentially legitimate

2

reasons to excuse his nonservice and that, consistent with Rule 4(m), the district court should consider whether to extend the service period. Accordingly, we vacate the dismissal order and remand this case to the district court for further proceedings.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] By this disposition, we express no opinion as to whether Rogers is entitled to an extension of the service period.