25-541-cv
*Heuser v. City of Glen Cove*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

PRESENT:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

Kristina S. Heuser,

> *Plaintiff-Appellant,*

> v.                                                            25-541

City of Glen Cove, Richard J. McCord,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    Kristina S. Heuser, pro se, Naples, FL.

**FOR DEFENDANT-APPELLEE**
**CITY OF GLEN COVE:**                    Leo Dorfman, Sokoloff Stern LLP,
                                          Carle Place, NY.


**FOR DEFENDANT-APPELLEE**
**RICHARD J. McCORD:**                    Kenneth L. Gartner, Lynn Gartner
                                          Dunne Frigenti & Renke, LLP,
                                          Melville, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *J.*; Steven I. Locke, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Kristina Heuser, an attorney proceeding pro se, appeals from the district court's dismissal of her complaint. Heuser sued her former employer, the City of Glen Cove, New York, and Richard McCord, a judge on the Glen Cove City Court, under 42 U.S.C. § 1983, Title VII, and New York state law. Plaintiff alleged that Judge McCord created a hostile work environment and that she was constructively discharged from her job as a city lawyer based on her sex. Defendants moved to dismiss, and a magistrate judge recommended granting the motion, reasoning that Heuser failed timely to serve Defendants, Judge McCord was immune from suit, and Heuser otherwise failed to state a claim. The district court adopted the recommendation. *Heuser v. City of Glen Cove*, No. 21-cv-2018 (JMA) (SIL), 2023 WL 11852409 (E.D.N.Y.

2

June 30, 2023), *R&R adopted*, 2025 WL 373636 (E.D.N.Y. Feb. 3, 2025).   We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

### I.      Rule 12(b)(5) Dismissal

"We review a dismissal under Rule 12(b)(5) based on insufficient service of process for abuse of discretion."   *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010).   "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service."   *Id.* at 752 (alteration in original) (quotation marks omitted).   Under Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days to serve the defendants after the complaint is filed.   Dismissals for failure to effectuate timely service under Rule 4(m) generally will not be reversed "unless the appellant can advance some colorable excuse for neglect."   *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (quotation marks omitted).

#### A.      City of Glen Cove

The district court did not abuse its discretion by dismissing the claims against the City of Glen Cove for insufficient service of process.   It is undisputed that Heuser did not serve Defendants for nine months after filing the complaint—six months after the time for service expired.   Nor did Heuser demonstrate good cause for the delay in service.   In her response to an order to show cause, she claimed that she was unaware that summonses had been issued because of mail-forwarding issues and her lack of

3

PACER access. But she admitted that she did not prioritize this case nor take any affirmative steps to monitor the docket until nine months after she filed her complaint, so she cannot establish excusable neglect for her failure to comply with Rule 4(m). *Cf., e.g.*, *Alexander v. Saul*, 5 F.4th 139, 149-50 & n.7 (2d Cir. 2021) (concluding that a litigant who failed to take reasonable steps to stay apprised of proceedings in her suit and thus lacked notice of the district court's decision was not excused from failing timely to file an appeal).

Heuser argues that the district court abused its discretion because it did not grant her an extension of time by which to serve Defendants. Before dismissing a complaint sua sponte, a district court should provide "notice to the plaintiff" and "provid[e] an opportunity for her to show good cause for the failure to effect timely service." *Meilleur*, 682 F.3d at 61. An extension of time may be granted, even absent good cause. *Id.* However, if the district court chooses to dismiss the complaint, reversal is only warranted under Rule 4(m) if the "the appellant can advance some colorable excuse for neglect." *Id.* (quotation marks omitted). As discussed above, Heuser did not show excusable neglect in this case. The district court was thus not obligated to provide an extension of time to effectuate service.

4

## B. Judge McCord

The district court also did not abuse its discretion by dismissing the claims against Judge McCord for insufficient service of process. Although McCord did not explicitly invoke Rule 12(b)(5) as a ground for dismissal, McCord argued in his motion to dismiss that Heuser did not timely serve him. Further, McCord explicitly adopted Glen Cove's arguments in his reply brief. Heuser argues that the district court should not have considered this ground for dismissal because new arguments may not be asserted in reply briefs. While this is generally the rule, the district court nevertheless had discretion to consider the argument. *See Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005). Heuser has not demonstrated that the district court abused its discretion by considering the argument here. McCord raised the argument by specifically referring to the belated service of the complaint in his opening brief, and Heuser cannot claim that she was prejudiced given that Glen Cove asserted the same argument and she had an opportunity to respond to it.

Accordingly, the district court did not abuse its discretion by dismissing Heuser's complaint under Rule 12(b)(5).

## II. Leave To Amend

The district court did not err by denying leave to amend the complaint. Denials of leave to amend based on futility are reviewed de novo. *Hutchison v. Deutsche Bank*

5

*Secs. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).   "A *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."   *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (cleaned up).   However, "a futile request to replead should be denied."   *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).   Here, the district court properly denied leave to amend as futile because Heuser could not cure the failure to effectuate timely service.

We have considered Heuser's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6